## WELSCH et v LEWIS et

Ohio Appeals, 7th Dist, Mahoning Co

No 2335. Decided Dec 11, 1936

Friedman & Rummell, Youngstown, for appellees.
William E. Lewis, Youngstown, for appellants.

## OPINION

By NICHOLS, J.

Margaret H. Welsch, the owner of City Lot No. 18233, abutting upon Mahoning Avenue in the city of Youngstown, brought this action in the Court of Common Pleas of Mahoning County on behalf of herself and other owners of lots abutting upon Mahoning Avenue, against George P. Lewis, as County Treasurer of Mahoning County; John J. Arnold, as County Auditor of Mahoning County, Hugh D. Hindman, as Director of Finance of the City of Youngstown; and John H. Lemon, as Clerk of the City Council of Youngstown, praying that a temporary restraining order be issued enjoining the defendants from certification and collection of certain assessments against the property of plaintiff, and those for whom this action is brought, for the repaving of Mahoning Avenue and praying that upon final hearing of the case the injunction be made permanent and title to the real estate of the parties be cleared of the cloud which has peen placed upon their premises by reason of the claimed wrongful, invalid and illegal assessments in excess of a just and reasonable amount commensurate with the benefit derived from such repaving, as may be determined by the court, and for such other relief to which the parties may be entitled.

The cause is now in this court on appeal of law and fact by the defendants from the judgment of the Common Pleas Court, wherein the defendants were permanently

enjoined from certification and collection of such assessments. The cause is submitted to this court upon an agreed statement of facts, together with the transcript of the evidence taken in the Common Pleas Court and upon the original pleadings.

The facts as disclosed by the agreed statement and transcript of the evidence are as follows:

June 14, 1909, the City Council of the city of Youngstown passed an ordinance assessing the property owners along Mahoning Avenue, for the original paving of the street, at the rate of 80c per foot frontage.

November 22nd, 1928, the City Council adopted a resolution declaring it necessary to improve Mahoning Avenue by repaving the same. The ordinance to proceed with the improvement was passed by the council May 20th, 1929, at which time there was in force between the city of Youngstown and the Youngstown Municipal Railway Company, whose street railway tracks were located in this street, a franchise requiring that in the improvement of a street upon which the tracks of the company were located and used for street railway purposes, the company was to pay the costs of repaving and improving that part of the street between the rails for a distance of one foot outside the rails, which in this case amounted to a total of seven feet. That part of the street which was to be repaved was thirty-six feet in width. The ordinance to assess property owners abutting on the street so repaved was passed by the City Council November 26, 1934, prior to which time but subsequent to the adoption of the ordinance to proceed with the improvement, the City Council passed another ordinance exempting the street railway company from paying the cost of repaving that portion of the street between its rails and for one foot outside the rails, and requiring it to pay only the excess cost of the foundation under its tracks. The City Council passed no legislation or resolution of any kind, as required by §§2812-2 and 2812-3 GC, notifying the street railway company of the improvement and of its share of the cost thereof.

The City of Youngstown entered into a contract with and paid the Kane Contracting Company the full amount of the repaving cost. In calculating the assessment per foot against the property owners, there was deducted from this total cost of repaving only the cost of repaving the street intersections. In calcu-

lating this assessment no credit was allowed to the property owners of any part of the assessments levied against the abutting property for the original paving, as provided by §3822 GC; and in calculating the assessment for the repaving cost no deduction was made of the cost of repaving that portion of the street occupied by the street railway company.

After the adoption of the original resolution declaring it necessary to improve Mahoning Avenue by repaving the same and before the improvement was made, the owners of the property abutting on the improvement were duly notified of the proceedings, and a number of property owners, including the plaintiff, protested the same, some to the effect that the entire repaving was wholly unnecessary and others to the effect that it was only necessary on that portion of the street occupied by the street railway company under its franchise.

After the repaving was completed a number of property owners protested that the repaving was defective, both in materials and workmanship.

The specifications adopted for the improvement called for a foundation of seven and one-half inches between the curbs and nine inches at the curbs, and another required paving bricks of a certain kind and quality, and grout of a certain kind and quality between the paving bricks.

In the agreed statement of facts upon which this case is submitted to this court it is admitted that there was not a substantial compliance with the plans and specifications of the paving contract in that the foundation was on an average of four inches less than the contract specifications; that the grout was not proper; and the paving bricks did not come up to specifications, all of which materially and substantially affected the value of the improvement. Immediately after the completion of the improvement and ever since the street required repairs, and such repairs have been extensive and continuous. It is further agreed that the life of the improvement, figured at twenty years under the original plans and specifications, was reduced by reason of this failure and defect by 40% to a life of twelve years, and that continuous repairs will be necessary.

It is further agreed between the parties that the decision of this action not only affects the plaintiff, Margaret H. Welsch, but all of the property owners on Mahoning Avenue between Steel Street and Belle Vista Avenue.

The Common Pleas Court in granting the

injunction prayed for in the petition did so for the reason that:

(1) Failure of the city of Youngstown to make said assessment in accordance with §3822, GC, the court declaring that it was without power to make or remake an assessment and, therefore, could not collect any assessment to correspond with the proof;

(2) The evidence does not affirmatively show that the city of Youngstown properly assessed the costs of improvement as the same relates to that portion of the street covering the street railway tracks;

(3) Defective workmanship and materials used in said improvement.

The evidence further discloses that the assessment made by the city against the abutting property owners for the cost of repaving improvement (other than the street intersections) was $9.90 per front foot on each side of the street. No part of this assessed cost of the improvement has been paid by plaintiff or by those for whom she brings this action.

The resolution to improve Mahoning Avenue by repaving the same provided that the entire cost of the improvement, less one-half highest previous assessment, shall be assessed by the foot frontage method upon all lots and lands bounding and abutting upon the improvement. Not until the 26th of November, 1934, did the council pass an ordinance to assess and collect the cost of the improvement. In the ordinance then adopted no provision was made for credit of one-half of the highest previous assessment, and, as hereinbefore stated, the entire cost of the improvement, except the cost of repaving street intersections, was by this last ordinance assessed against the abutting property owners.

It is the finding and decree of this court that the plaintiffs are entitled to the relief sought in their petition to the extent, first, that in calculating the assessment against the abutting property owners there be deducted the cost of improvement of that portion of the street occupied by the street railway company tracks and for one foot on each side of the rails, which deduction will amount to 7/36 of the cost of the improvement and requiring a deduction of $1.92½ per foot front; second, that from the remaining cost per front foot, after deducting the portion of such cost which should have been assessed against the street railway company, a further deduction of 40% be made on account of the lessened value of the improvement by reason of the defective character of the workmanship and materials used; and, third, from the remainder there be deducted 40c per square foot, being one-half the assessed cost of the original improvement, and leaving to be paid by the abutting property owners between the points above indicated $4.38½ per front foot.

No contention is made in this case as to the fact that the total cost of the repaving improvement, less the cost of repaving the intersections, would require an assessment of $9.90 per front foot, the whole contention of the parties arising from the fact that in calculating the assessment no credit was given for the original paving cost; the further fact that the street railway company was relieved by the council from paying any part of the cost of the repaving improvement, although its tracks remain and are in use over the street; and the further fact that the improvement is substantially defective and not in compliance with the specifications.

The court finds that the plaintiff and all those for whom she brings this action are entitled to the reductions herein found proper, and it is ordered, adjudged and decreed that the property of plaintiff and those for whom this action is brought be assessed in the sum of $4.38½ per front foot, and no more, by reason of the improvement aforesaid, and the injunction is made permanent against the defendants, except in the amount of $4.38½ per front foot, without interest.

It is further ordered that the costs of this proceeding be paid by the city of Youngstown.

For our authority in this matter see the unreported case of F. E. Hartzell et v The City of Alliance, O., et, Supreme Court of Ohio, 39 Weekly Law Bulletin 232.

CARTER, PJ, and ROBERTS, J, concur.